834 So.2d 298 (2002)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
J.H.K., III, Father of O.K., a child, Appellee.
No. 5D02-858.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
Charles D. Peters, Orlando, for Appellant.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
SHARP, W., J.
The Department of Children and Family Services appeals from an order dismissing its petition to terminate the parental rights of J.H.K. to his daughter O.L.K. Based on this court's recent opinion in Department of Children and Families v. V.V., 822 So.2d 555 (Fla. 5th DCA 2002), we reverse and remand for a new hearing.
On December 5, 2001, the Department filed the amended petition for termination of parental rights in this case. It alleged the child had been abused, abandoned and neglected by both parents and that the parental rights of the mother and J.H.K. to two other children had been involuntarily *299 terminated in New Mexico on December 2, 1998. The Department requested that the court take judicial notice of motions and affidavits filed in the New Mexico termination proceedings, and the court agreed.
J.H.K. testified via telephone from the correctional facility in New Mexico where he was incarcerated. He testified he had not written the child letters because she is only three years old and that he lacked money or access to purchase articles for her birthday or other holidays. He had been incarcerated since July 1998, six months before the child's birth, but was scheduled to be released soon.
A witness for the Department testified nine letters had been written by J.H.K. inquiring about the child from November 2000 through December 2001. The current counselor assigned to the case testified she had had no contact with J.H.K., even though she had written to him giving him her name and address and informing him she had been assigned to the child's case. Two witnesses testified the child was bonded with her foster family, is very happy, and that her foster family wishes to adopt her.
The judge concluded that the Department failed to carry its burden of proof to establish a legal basis to terminate J.H.K's parental rights. She said evidence of abandonment was insufficient because J.H.K. had been incarcerated for the child's entire life time and had written letters to the case worker early in the proceedings. She also found the termination of J.H.K.'s parental rights to his two other children in New Mexico was insufficient to sustain termination in this case. She relied on Department of Children and Families v. V.V., 26 Fla. L. Weekly D2717 (Fla. 5th DCA Nov.16, 2001).
Section 39.806(1)(i) provides that parental rights to one child may be terminated when parental rights to a sibling have been terminated involuntarily. This statute is facially constitutional and has created, in effect, a presumption sufficient to support termination which is subject to rebuttal by the parents. Dept. of Children & Families v. B.B., 824 So.2d 1000 (Fla. 5th DCA 2002); A.B. v. Dept. of Children & Families, 816 So.2d 684 (Fla. 5th DCA 2002).
In V.V., this court originally held[1] a trial judge correctly refused to consider a termination of parental rights in Mississippi, or the facts surrounding the Mississippi action in a Florida proceeding for dependency and termination of a mother's parental rights to another child. Apparently the mother was not afforded counsel in the Mississippi proceedings.
However, in July 2002, and after this case had been heard below, this court granted the Department's motion for rehearing in V.V. We withdrew the prior opinion and issued a new one. Dept. of Children and Families v. V.V., 822 So.2d 555 (Fla. 5th DCA 2002). We said the trial judge should recognize the termination of parental rights in Mississippi for purposes of section 39.806(1)(i). "Principles of comity and full faith and credit demand that the judgment be recognized. No paramount rule of public policy dictates otherwise." 822 So.2d at 558.
Accordingly, we reverse the order dismissing the Department's petition for termination and remand for a new hearing. At that hearing, both the Department and J.H.K. can offer additional evidence surrounding the New Mexico termination and subsequent events which may rebut, alter or strengthen the presumption arising *300 from the prior termination, as well as other matters which may be relevant.
REVERSED and REMANDED.
COBB and PLEUS, JJ., concur.
NOTES
[1] 26 Fla. L. Weekly D2717 (Fla. 5th DCA Nov.16, 2001).